IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STACY M. HALL, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case Nos. 03-5097-CV-SW-RED |
| | ) 04-5003-CV-SW-RED |
| JASPER COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

## ORDER

Now pending before the Court is Defendants' Motion for Summary Judgment Against Claims Asserted by Patti E. Johnson (Doc. 97), Defendants' Suggestions in Support of Their Motion for Summary Judgment Against Claims Asserted by Patti Johnson (Doc. 98), Plaintiff Patti Johnson's Suggestions in Opposition to Defendants' Motion for Summary Judgment (Doc. 103) and Defendants' Reply Suggestions in Support of Their Motion for Summary Judgment Against Claims Asserted by Patti Johnson (Doc. 113). For all the reasons set forth below, Defendants' Motion is **GRANTED**.

### I. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fry v. Holmes Freight Lines, Inc.*, 73 F. Supp.2d 1074 (W.D. Mo. 1999). When ruling on a motion for summary judgment, the court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all

reasonable inferences to be drawn from the evidence. *See id.* (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Reed v. ULS Corp.,* 178 F.3d 988, 900 (8th Cir. 1999)).

If no genuine issue about any material fact exists, summary judgment is proper because it avoids unnecessary and costly litigation and promotes judicial efficiency. *See id.* (citing *Smith v. Marcantonio*, 910 F.2d 500, 502-03 (8th Cir. 1990); *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir. 1979)). The summary judgment procedure is not a "disfavored procedural shortcut." *Id.* Rather, it is "an integral part of the Federal Rules as a whole." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Cunningham v. Kansas City Star Co.*, 995 F. Supp. 1010, 1014 (W.D. Mo. 1988) (citing *Celotex,* 477 U.S. at 324).

## II. Discussion

Plaintiff Patti Johnson has dismissed all claims against all Defendants except for Count V of her Third Amended Complaint (Doc. 36) which alleges liability for a claimed violation of 42 U.S.C. § 1983 based on excessive use of force. A review of the uncontroverted statements of fact contained in Defendants' Motion for Summary Judgment (Doc. 97) and Plaintiff's Suggestions in Opposition (Doc. 103) to said motion, makes it clear that all of the remaining defendants except for Matt Terry, Denita Douglas and Melissa Rufton are due to be granted Summary Judgment on the claim of excessive force since Plaintiff has made no allegation of fact in regard to the use of force against Plaintiff by any of these other defendants. Therefore, summary judgment shall be entered in favor of Defendants Kevin Blaukat, Don Broers, Jeff Carr, Terry Moback, Sergeant Jeanette Riley, Craig Preacher, and Jasper County and against Plaintiff Laura L. Johnson. Even if Plaintiff's

allegations were considered sufficient to include these defendants summary judgment would still be entered in their favor for the reasons set forth below.

The first step in addressing an excessive force claim under § 1983 is to determine the "specific constitutional right allegedly infringed by the challenged application of force." *Graham v. M.S. Connor,* 490 U.S. 386, 394 (1989). In the context of alleged excessive force employed against a prisoner, the amount of force employed is properly analyzed under an Eighth Amendment standard. *Whitley v. Albers,* 475 U.S. 312, 318-26 (1986). However, such force will rise to the level of "cruel and unusual punishment" proscribed by Eighth Amendment only if the conduct "inflict[s] unnecessary and wanton pain and suffering." *Stenzel v. Ellis*, 916 F.2d 423, 426 (8th Cir. 1990) (quoting *Whitley*, 475 U.S. at 320). Officers are permitted to use force reasonably "'in a good faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.'" *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Giving Plaintiff's statement of facts full consideration, the acts that can be reasonably described as a use of force are quite limited. Plaintiff's fact numbered 18 states that Officers Terry, Douglas and Roughton (it is assumed that Plaintiff intended for this to refer to Defendant Melissa Rufton) tackled Plaintiff to the ground. Plaintiff's statement of fact number 19 alleges that "multiple guards" piled on top of Plaintiff, however, there is no evidence which identifies any of these additional guards. Plaintiff's fact numbered 21 claims that officer Terry choked her with an OPN. Fact number 22 says that Officer Terry pulled Plaintiff's chin skyward while choking her. Plaintiff's fact number 25 states that Officer Terry pulled Plaintiff's hair. Fact number 26 states that Officer Terry slammed Plaintiff's face into the ground several times. Fact number 27 states that Officer

Douglas maced Plaintiff in her eyes and mouth. In Plaintiff's facts numbered 34 and 35, Plaintiff claims to have suffered physical injuries including bruising lacerations on her arms, a broken thumb and two black eyes. However, Plaintiff admits that she did not receive medical attention on that date. There is no evidence that a broken thumb has ever been diagnosed by a healthcare professional.

In considering the facts claimed by Plaintiff, the Court has found it necessary to review the depositions rather than take Plaintiff's statement of facts in their suggestions at face value since several of said stated facts are misleading. For instance, Plaintiff's statement of fact number 17 that "Patti requested that the guards leave the cell so she could console her sister" was based on deposition testimony from Patti Johnson as follows (page 27, line 5 through 21):

> It was Captain Blauket and Matt Terry was the first ones through the door because I stepped in front of Mr. Blauket to keep him from getting to Laura and I did – I said, 'Look, you're not putting your hands on my sister, and he told me, 'I'm not going to hurt her.' I said, 'You're not putting your hands on my sister. All you have to do is step back out and shut the door and we'll calm her down. You know, she's just upset.' And then after that, I was hit.

This particular conduct is to be considered in context with the undisputed circumstances that were occurring at the time of these incidents. As noted by the *Stenzel* court, whether the jailor's action rises to the level of excessive force is highly dependant on how the incident is characterized–whether it was a security measure taken to quell a disturbance or merely punishment. *Stenzel,* 916 F.2d at 426. This case involved a situation where jail personnel were attempting to move Laura Johnson and her sister, Patti Johnson, from the female pod area of the jail to their own cell to be locked down. Laura Johnson questioned why she was being moved and began crying. Laura Johnson was upset because of the reason for the lock down and knocked a shampoo bottle to the floor after she had entered her cell. She admits that she was angry when she did this. One can

get a sense of the surrounding circumstances of this moment from the deposition testimony of Patti Johnson. Patti Johnson testified that after Laura banged the shampoo on the desk she screamed,

> This is bullshit. She said, 'This is bullshit, Mr. Riley, and you know it, okay?' And then she threw a roll of toilet paper at the wall...at that time the...door flung open, and there was a line of officers...they went straight towards Laura...I stepped in front of Mr. Blauket to keep them from getting to Laura and I said, 'Look, you're not putting your hands on my sister,' and he told me, 'I'm not going to hurt her.'

At this point, she was tackled by Defendant Rufton and another unidentified officer. It is interesting to note that it is this same point in time that Patti Johnson also claims to have been tackled by Officer Rufton. In any event, Patti Johnson admits that she stepped in front of the officers to keep them from getting to her sister, Laura Johnson. Officer Terry was able to place one of Patti Johnson's hands in handcuffs but could not secure her other hand because it was under her torso. The officers requested that she release her hand, however, she was not able to do so. At some point during the struggle, mace was used on Patti Johnson. After she was maced, she was provided a wet towel to cover her eyes. Within five minutes she was taken to her shower where the mace was washed off her face.

The basic question as set forth in *Treats v. Morgan,* 308 F.3d at 872, is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Factors to be considered by the Court in making this determination include the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of the injury suffered by the inmate. *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citing *Hudson*, 503 U.S. at 5). Applying these factors to this case, it would be an unreasonable review of this fact situation to say that it could be described as malicious or sadistic to cause harm.

-5-

Under the circumstances of Plaintiff stepping in to prevent the officers from getting to her sister and her statements that she would not allow them to get to her sister at a time when the circumstances gave officers a reason to take control of Plaintiff's sister, Laura Johnson, and with consideration given to the officers acting in real time as opposed to a deliberate review of the facts available at this time, this Court finds that the tackle of Plaintiff Patti Johnson and related efforts to handcuff her and eventually the use of mace as well as attempts to control the rest of her body, including her head and hair, were not done in a malicious or sadistic manner. Plaintiff clearly tried to step in and physically prevent the officers from doing their job. It is not an unreasonable inference to find that Plaintiff was actively resisting the efforts of the officers. The fact that Plaintiff was provided a wet towel and taken to the shower within minutes reflects just the opposite of a malicious or sadistic action to cause harm.

The Court does not find that Plaintiff has established that the use of force was anything more than a good faith effort to maintain and restore discipline. *Stenzel*, 916 F.2d at 427-28 (paraphrasing *Cowans v. Wyrick,* 862 F.2d 697, 699 (8th Cir. 1989)). Therefore, since it does not appear that "the evidence, viewed in the light most favorable to the Plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard ... described the case should not go to the jury." *Stenzel*, 916 F.2d at 428 (quoting *Whitney*, 475 U.S. at 322). Based on the above considerations and the applicable law as set forth in *Treats*, it is the decision of this Court that summary judgment is due to be granted in favor of Defendants Matt Terry, Denita Douglas and Melissa Rufton and against Plaintiff Patti Johnson.

### III. Conclusion

The Court finds there are no genuine issues of material fact as to Count V of Plaintiff's Third

Amended Complaint (Doc. 36). Accordingly, for all the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Summary Judgment Against Claims Asserted by Patti E. Johnson (Doc. 97) in Count V of her Third Amended Complaint against Defendants Matt Terry, Denita Douglas and Melissa Rufton is **GRANTED.** Furthermore, it is hereby ORDERED that Defendant's Motion for Summary Judgment Against Claims Asserted by Patti E. Johnson in Count V of her third Amended Complaint against Defendants Kevin Blaukat, Don Broers, Jeff Carr, Terry Moback, Jeanette Riley, Craig Preacher, and Jasper County is **GRANTED.**

**IT IS SO ORDERED.**

DATE: October 14, 2005           */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT